```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
JEROME D. GLEATON,                  :
                                    :
        Petitioner,                 :   Civ. No. 18-9581 (NLH)
                                    :
    v.                              :   OPINION
                                    :
DAVID ORTIZ,                        :
                                    :
        Respondent.                 :
_____ :
```

APPEARANCES:
Jerome D. Gleaton, No. 40265-007
FCI – Ft. Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

John Andrew Ruymann, Esq.
John Tudor Stinson, Jr., Esq.
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Jerome D. Gleaton, a prisoner presently confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the validity of his sentence. ECF No. 1. Respondent filed a Motion to Dismiss the Petition in which he argues that the Petition should be dismissed for lack of jurisdiction. ECF No. 9. Petitioner filed an opposition to the Motion, ECF No. 12, and the Motion is now ripe for

disposition. For the reasons that follow, the Court will grant the Motion and dismiss the Petition for lack of jurisdiction.

I. BACKGROUND

On April 1, 2012, Petitioner was arrested in possession of more than $120,000 in drug proceeds. No. 3:12-cr-63, ECF No. 1 (criminal complaint) (E.D. Va.). Later that month, a federal grand jury indicted Petitioner for attempting to possess with intent to distribute one hundred grams or more of heroin in violation of 21 U.S.C. § 846, a crime with a statutory minimum sentence of five years' imprisonment and a maximum sentence of forty years' imprisonment. Id., ECF No. 8 (indictment). See 21 U.S.C. § 841(b)(1)(B). Petitioner pled guilty to the lesser offense of attempting to possess with the intent to distribute a detectable amount of heroin in violation of 21 U.S.C. § 846 pursuant to a plea agreement. Id., ECF Nos. 18 (information), 19 (minute entry for change of plea hearing), 21 (plea agreement). The plea agreement contained an appellate waiver that would preclude Petitioner's ability to appeal his conviction and sentence, including the manner in which the sentence was determined, if he was sentenced within the statutory maximum of twenty years' imprisonment. See id., ECF No. 21 at 1 (statutory maximum), 3-4 (appellate waiver). The plea agreement did not contain a collateral attack waiver. See id.

At the time Petitioner pled guilty, he had two prior felony drug trafficking convictions. Id., ECF No. 39 at 3. Those two priors were utilized in Petitioner's presentence report to qualify him as a career offender and enhance his sentence under the Guidelines. Before sentencing, the parties submitted sentencing memoranda. The Government argued in favor of an advisory range sentence, which was calculated as between 151 and 180 months. Id., ECF No. 27. Petitioner's memorandum expressly raised no objections to the presentence investigation report. Id., ECF No. 28.

On October 17, 2012, the U.S. District Court for the Eastern District of Virginia sentenced Petitioner to 160 months of imprisonment, within the advisory range as outlined in the presentence report. Id., ECF No. 30. Petitioner did not file an appeal.

On July 8, 2013, Petitioner filed a motion with his sentencing court pursuant to 28 U.S.C. § 2255 challenging his sentence. Id., ECF No. 33. In the motion and supporting documents, Petitioner challenged the "career offender" Guidelines enhancement premised on prior drug trafficking convictions. See id., ECF No. 35 at 17-18; ECF No. 42 at 1-2; ECF No. 43. His motion was denied. Id., ECF No. 44. Petitioner sought to appeal the denial of his motion to the Court of Appeals for the Fourth Circuit. However, the Fourth

Circuit denied him a certificate of appealability, precluding his appeal. United States v. Gleaton, 670 F. App'x 812 (4th Cir. 2016).

Petitioner then filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 21, 2018.[1] No. 18-cv-9581, ECF No. 1 (D.N.J.). In the Petition, Petitioner again challenges his career offender designation under the Guidelines. In support of his argument, Petitioner alleges that his prior conviction under the Criminal Code of the District of Columbia for attempted distribution of cocaine does not qualify as a predicate offense for the career offender enhancement under the Guidelines. He asserts that he may bring this claim in this petition through § 2255's saving clause provision because of "recent case law that changed the way court's [sic] interpret such statutes," specifically United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). ECF No. 1-1 at 2.

II. DISCUSSION

    A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

---

[1] A month before filing the instant Petition, Petitioner filed a letter with his sentencing court requesting a blank form for filing a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244. Id.; ECF No. 51. It appears from a notation on the docket that this form was sent to Petitioner. As of the date of this opinion, no such motion has been filed.

4

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Id.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B. Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011);

United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241") (citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the

7

exception created in Dorsainvil and may not proceed under § 2241") (citation omitted); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Newman v. Kirby, No. 17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same). Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence under § 2241.[2]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Court of Appeals for the Fourth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds

---

[2] The Court notes Petitioner's citation of United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for the proposition that challenges to a federal prisoner's sentence are cognizable in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by the savings clause of 28 U.S.C. § 2255(e). That is not the case, however, for such claims within the Court of Appeals for the Third Circuit, which, as the above cited cases demonstrate, precludes jurisdiction for such claims brought pursuant to § 2241. The rule in Wheeler is not applicable to the district courts within the Third Circuit.

that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). This Court's decision not to transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

III. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.


Dated: February 11, 2019          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.